IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK A. INGRAM,

    Plaintiff,         No. 2:12-cv-2397-KJM KJN PS

    vs.

CITY OF SACRAMENTO, et al.,

    Defendants.       <u>ORDER AND</u>
_____/ <u>FINDINGS AND RECOMMENDATIONS</u>

  Plaintiff, proceeding without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis (Dkt. No. 2) is granted. 28 U.S.C. § 1915(a).

  The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

---

[1] The action was referred to the undersigned by E.D. Cal. Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

I. DISCUSSION

A. Legal Incompetence

In this action, which was filed on September 20, 2012, plaintiff declares he suffers from a "mental disability." (Dkt. No. 1 at 3.) In search of this documentation, the court has examined its docket and takes judicial notice of the proceedings in United States of America v. Ingram, 2:10-cr-0014 MCE (E.D. Cal.). In that criminal proceeding, plaintiff was declared legally incompetent and unrestorable based on mental health issues.[2] (See Case No. 2:10-cr-0014 MCE, Dkt. Nos. 32, 39-40.)

In this action, plaintiff is neither represented by counsel nor has a guardian ad litem been appointed. Pursuant to Federal Rule of Civil Procedure 17(c), an incompetent person must proceed either through a guardian or like fiduciary for his or her own "protect[ion]." An incompetent person can only proceed in federal court if represented by counsel. See Osei-Afriyie v. Med. College of Penn., 937 F.2d 876, 883 (3d Cir. 1991) ("It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys") (citation omitted), quoted approvingly in Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (holding that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"); see also William W. Schwarzer et al., Cal. Practice Guide: Fed. Civ. Proc. Before Trial § 7:41 (The Rutter Group 2011) ("A nonattorney parent or guardian cannot bring a lawsuit or defend an action in federal court on behalf of a minor or incompetent without retaining a lawyer") (citations omitted). Thus, plaintiff's continuation of this action

---

[2] The court also takes judicial notice of the proceedings in United States v. Ingram, 2:10-cr-0014 MCE-1 (E.D. Cal.), and Ingram v. Grant Joint Union High School Dist., et al., 2:08-cv-2490 KJM DAD (E.D. Cal.). See Fed. R. Evid. 201; Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record"). In the criminal case, plaintiff was declared incompetent and un-restorable on the basis of mental health issues. See United States v. Ingram, 2:10-cr-0014 MCE-1, Dkt. Nos. 32, 39, 40. In the civil action, plaintiff was represented by counsel, and a guardian ad litem was appointed for him following the declaration of incompetence in the criminal action. See Ingram v. Grant Joint Union High School Dist., et al., 2:08-cv-2490 KJM DAD, Dkt. Nos. 87-88.

2

without any form of representation is improper.

B.      Failure to State a Claim

The court further finds that plaintiff has failed to state a claim. A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Here, plaintiff's complaint is premised on allegations that the defendants, which include the City of Sacramento, the United States District Court for the Eastern District of California, and Magistrate Judge Edmund Brennan, discriminated against plaintiff and violated his constitutional rights when they denied his application to proceed in forma pauperis and his motion to appoint counsel in an unspecified case filed in this district. Plaintiff also makes a number of incomprehensible claims against these same defendants. The court finds no constitutional violation on the facts alleged.

Moreover, plaintiff's claim against Magistrate Judge Edmund Brennan fails as a matter of law because judges are entitled to absolute immunity for acts within their judicial capacity. Mireles v. Waco, 502 U.S. 9 (1991) (per curiam) ("[G]enerally, a judge is immune from a suit for money damages."); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999) ( "It is well settled that judges are generally immune from civil liability under section 1983."); Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988). This is an immunity from suit, "not just from ultimate assessment of damages." Mireles, 502 U.S. at 11. "Although

1  unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the
2  highest importance to the proper administration of justice that a judicial officer, in exercising the
3  authority vested in him, shall be free to act upon his own convictions, without apprehension of
4  personal consequences to himself.'" <u>Mireles</u>, 502 U.S. at 10 (citation omitted); <u>Meek</u>, 183 F.3d
5  at 965 ("The rationale for granting judges immunity from liability for even intentional and
6  malicious conduct while acting in their judicial capacity is that judges should be free to make
7  controversial decisions and act upon their convictions without fear of personal liability.").  The
8  actions plaintiff complains of were taken in the course of defendant Judge Brennan's official
9  judicial duties.  As such, plaintiff may not maintain an action as to him.  Furthermore, "judicial
10 immunity is not overcome by allegations of bad faith or malice." <u>Mireles</u>, 502 U.S. at 11.  Thus,
11 any allegations of malice are inapposite.  Finally, in only two circumstances is a judge not
12 immune from liability: (1) for nonjudicial actions; and (2) for actions, though judicial in nature,
13 taken in complete absence of all jurisdiction. <u>Id.</u> at 11-12; <u>Schucker</u>, 846 F.2d at 1204.  Neither
14 of these circumstances is present here.

15          Further, plaintiff's claims against the United States District Court Eastern District
16 of California and the City of Sacramento fail for failure to allege any allegations as to them.

17          Plaintiff's complaint is therefore dismissed.  Because plaintiff can prove no set of
18 facts in support of the claim or claims that would entitle him to relief, the court determines that
19 amendment would be futile.  Accordingly, the court will recommend that dismissal be without
20 leave to amend.

21 C.     <u>Motion to Appoint Counsel</u>

22          In his complaint, plaintiff also requests the appointment of counsel.  "[T]he
23 appointment of counsel in a civil case is . . . a privilege and not a right." <u>Gardner v. Madden</u>, 352
24 F.2d 792, 793 (9th Cir. 1965); <u>see</u> <u>also</u> <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009)
25 (stating that "[g]enerally a person has no right to counsel in civil actions").  The court "may
26 under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28

1  U.S.C. § 1915(e)(1)." Palmer, 560 F.3d at 970 (citation omitted); Terrell v. Brewer, 935 F.2d
2  1015, 1017 (9th Cir. 1991).  To determine whether "exceptional circumstances" are present, the
3  "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner
4  to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt
5  v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  " Neither of these factors is dispositive and both
6  must be viewed together before reaching a decision." Id.
7       For the reasons previously stated, the court concludes that plaintiff has not
8  demonstrated a likelihood of success on the merits and that this failure is not due to either his
9  difficulty articulating claims as a pro se litigant or the complexity of the legal issues involved.
10 Thus, when considering the likelihood of success and the complexity of the issues, there are no
11 exceptional circumstances justifying the appointment of counsel.  Accordingly, this request is
12 denied.

13 II.  CONCLUSION

14       Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED THAT:
15       1.   Plaintiff's request to proceed in forma pauperis (Dkt. No. 2) is
16            GRANTED,
17       2.   Plaintiff's request for appointment of counsel (Dkt. No. 1 at 1-2) is
18            DENIED, and
19       IT IS HEREBY RECOMMENDED that:
20       1.   The action be DISMISSED WITHOUT PREJUDICE.
21       These findings and recommendations are submitted to the United States District
22 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
23 (14) days after being served with these findings and recommendations, any party may file written
24 objections with the court and serve a copy on all parties.  Such a document should be captioned
25 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
26 shall be served on all parties and filed with the court within fourteen (14) days after service of the

1  objections.  The parties are advised that failure to file objections within the specified time may
2  waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th
3  Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

   IT IS SO ORDERED AND RECOMMENDED.

DATED: October 22, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE